IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STANLEY BOMANI CRUMPTON,           :
                                   :
            Plaintiff              :    CIVIL ACTION NO. 02-2873
                                   :
        v.                         :
                                   :
JOHN E. POTTER, Postmaster General,:
United States Postal Service,      :
                                   :
            Defendant.             :


**ORDER**

    AND NOW, this _____ day of _____, 2002, upon

consideration of the Defendant's Motion to Dismiss Complaint/

Motion for Summary Judgment and the Response, if any, it is

hereby ORDERED that the Complaint is DISMISSED with prejudice.


                                BY THE COURT:


                                _____
                                KELLY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STANLEY BOMANI CRUMPTON,                :
                                        :
                Plaintiff               :    CIVIL ACTION NO. 02-2873
                                        :
        v.                              :
                                        :
JOHN E. POTTER, Postmaster General,:
United States Postal Service,           :
                                        :
                Defendant.              :


**DEFENDANT'S MOTION TO DISMISS
COMPLAINT/MOTION FOR SUMMARY JUDGMENT**

Federal defendant moves to dismiss plaintiff's complaint for
lack of subject matter jurisdiction and for failure to state a
claim upon which relief can be granted pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure and, alternatively,
pursuant to Rule 56.  Plaintiff did not exhaust his
administrative remedies as to his defamation claim and his
harassment claim.  In addition, the Federal Tort Claims Act does
not include a waiver of sovereign immunity to permit a claim of
defamation.  Finally, plaintiff fails to state a claim of
retaliation upon which relief can be granted because he has not
been subjected to an adverse employment action.  Therefore, this
court should dismiss plaintiff's complaint pursuant to Rule
12(b)(6), or, alternatively, Rule 56.  The reasons for this

motion are more fully set forth in the attached Memorandum of

Law, which is incorporated herein by reference.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____

SUSAN SHINKMAN
Assistant United States Attorney

OF COUNSEL:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
615 Chestnut Street
P.O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5091

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STANLEY BOMANI CRUMPTON,          :
                                  :
            Plaintiff             :      CIVIL ACTION NO. 02-2873
                                  :
      v.                          :
                                  :
JOHN E. POTTER, Postmaster General,:
United States Postal Service,     :
                                  :
            Defendant.            :

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

I.    INTRODUCTION

      Plaintiff's complaint must be dismissed, with prejudice,
pursuant to Federal Rule of Civil Procedure 12(b)(6), or,
alternatively, Rule 56.  Plaintiff's District Court complaint
accuses his Postal Service managers of defaming his character and
harassing him based upon an incident where feces was found in the
plaintiff's relay bags.

      Plaintiff is currently a letter carrier who works at the
Schuylkill Station in Philadelphia.  It appears that plaintiff's
defamation claim is based solely upon the actions that Postal
Service supervisors took in attempting to investigate at least
two incidents where feces was found in relay bags that were used
by plaintiff on his route.  In addition, it appears that
plaintiff claims that he was harassed about the feces incident in
retaliation for a prior incident when he allegedly reported
finding a suspicious bottle with a white substance on it which he
believed to be anthrax.

Plaintiff's complaint must be dismissed for several reasons.
First, plaintiff's EEO complaint of discrimination charged the
Postal Service with retaliation only, and not harassment.
Therefore, the only claim that he has exhausted in the
administrative EEO form is the retaliation claim.  Second,
plaintiff's retaliation claim must be dismissed for failure to
state a claim upon which relief can be granted because he was not
subjected to any adverse employment action.  Third, plaintiff's
defamation claim must be dismissed for two reasons: The Federal
Tort Claims Act ("FTCA") does not waive sovereign immunity to
prevent a claim for defamation and, even if it did, plaintiff did
not file an administrative claim as required by the FTCA, thereby
depriving this court a subject matter jurisdiction.

II.  ARGUMENT

A.  **Legal Standard**

In ruling on a motion under Rule 12(b)(6), the court must
assume all well pleaded facts to be true for purposes of the
motion to dismiss only.  Conley v. Gibson, 355 U.S. 41 (1957).
The courts have routinely held, however, that "conclusory
allegations or legal conclusions masquerading as factual
conclusions will not suffice to prevent a motion to dismiss."
James W. Moore, et al., Moore's Federal Practice §12.34(1)(b)(3rd
Ed. 1999) (quoting Fernandez-Montes v. Allied Pilots Association,
987 F.2d 278, 284 (5th Cir. 1993).

To the extent that the court does not look beyond the

pleadings or public records, this motion may be decided under

Rule 12(b)(6).  Benford v. Frank, 943 F.2d 609-612 (6th Cir.

1991).  To the extent the court looks beyond the pleadings and

public records, this motion may be considered as a motion for

summary judgment.  See, generally, Federal Rules of Civil

Procedure 56.  Should this motion be considered as a summary

judgment motion, the court shall construe all facts and

inferences in a light most favorable to the non-moving party and

grant summary judgment only where the moving party has shown that

there is no genuine issue of material fact.  Gutierrez v. Lynch,

826 F.2d 1534, 1536 (6th Cir. 1987).  Once the moving party meets

its burden, the non-moving party must provide specific facts that

show that there is a genuine issue of material fact for trial,

not raise some metaphysical doubt as to the material facts.

Matsushita Electrical Industries Co. v. Zenith Radio Corp., 475

U.S. 574, 586 (1986); Hall v. Hebrank, et al., 1999 U.S. Dist.

LEXIS 21679 (Jan. 19, 1999).

**B.    This court lacks subject matter jurisdiction over
       plaintiff's harassment claim because he did not exhaust
       this claim administratively.**

Under 42 U.S.C. §20002-16(c), strict compliance with the

exhaustion requirements as a condition precedent to maintaining a

suit thereunder.  Irwin v. Department of Veteran's Affairs, 498

U.S. 89, 94 (1990), rehearing denied, 498 U.S. 1075 (1991).  It

is well settled that issues that are not raised in an

administrative EEO complaint cannot be raised in the District

Court.

"The judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Ang v. Proctor and Gamble, 932 F.2d 540, 545 (6th Cir. 1991).

Plaintiff's district court complaint does not state what type of harassment he claims that he was subjected to by his supervisors. However, his EEO complaint of discrimination dated January 9, 2002, identifies his claim as retaliation only. A copy of plaintiff's EEO Complaint of Discrimination is attached hereto as Exhibit A. He did not check any of the boxes that would identify his claim as any type of harassment, such as sex, race, religion or disability. He only checked the box for "retaliation". Accordingly, retaliation is the only claim that was investigated administratively. Therefore, to the extent that plaintiff intends to raise any claim other than a retaliation claim before the district court, it must be dismissed for failure to exhaust his administrative remedies.

**C.    Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief can be granted.**

A prima facie case of retaliation under Title VII requires a plaintiff to show that (1) he was engaged in activity protected by Title VII; (2) his exercise of protected activity was known to the Postal Service; (3) the Postal Service subsequently took an employment action adverse to him; and (4) a causal connection existed between the protected activity and the action. Farrell v. Planter's Lifesavers Co., 206 F.3d 271 (3rd Cir. 2000).

For purposes of this motion only, it will be assumed that

-4-

plaintiff had engaged in prior protected activity of which the
Postal Service was aware at the time of the alleged retaliatory
action, the inquiry concerning the feces found in the relay bag.
However, plaintiff will not be able to establish that he was an
"aggrieved individual" under the Title VII regulations because he
was not subjected to an adverse employment action.

In order to state of claim of retaliation under Title VII,
plaintiff must establish that he is "an aggrieved individual".
See, generally, 29 C.F.R. 1614.101 et. seq.  An aggrieved
individual is one who has been subjected to an adverse action.
An adverse action is a tangible employment action that results in
a significant change in employment status, "such as hiring,
firing, failing to promote, reassignment with significantly
different responsibilities, or a decision causing a significant
change in benefits."  Burlington Industries, Inc. v. Ellerth, 118
S. Ct. 2257, 2268 (1998).  "Not everything that makes an employee
unhappy is an adverse action."  Smart v. Ball State University,
89 F.3d 437, 441 (7th Cir. 1996).  Unfair or improper employment
decisions are not tantamount to "adverse" employment actions.

Courts have held that "[m]ere discipline, without any
corresponding change in the terms or conditions of employment,
does not qualify as an 'adverse employment action' under Title
VII."  Evans v. Nine West Group, Inc., 2002 WL 550477 at *7
(E.D.Pa.)  Similarly courts have held that being "watched over"
at work does not constitute an adverse employment action.
Boykins v. Lucent Technology Inc., 78 F.Supp 2d 402, 414 (2000).

-5-

Oral reprimand or unnecessary derogatory comments do not
constitute adverse employment actions.  Robinson, 120 F.3d at
1301; Hussein v. Genuardi's Family Markets, 2002 WL 56248
(E.D.Pa. January 15, 2002); Jenkins v. Philadelphia Housing
Authority, 2001 WL 1298988 (E.D.Pa. October 24, 2001) (negative
comments are not adverse employment action); Keen v. D.P.T.
Business School, 2002 WL 24434 (E.D.Pa. January 9, 2002) (chewing
out employee or assigning them the hottest office did not
constitute adverse employment action).  The Third Circuit has
even held that written reprimands do not constitute an adverse
employment action absent a showing that they effected a material
change in the terms or conditions of plaintiff's employment.
Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 431 (3rd
Cir. 2001).

    Even accepting every fact in plaintiff's complaint as true,
plaintiff has failed to establish that he is an aggrieved
individual because he has not shown that he was subjected to an
adverse employment action.  Plaintiff alleges that his manager
"called me in his office and as me to confess for shiting in
postal relay bags." (sic).  Additionally, plaintiff alleges that
six (6) days after that incident, his supervisor called him into
his office again and "told me that "fasces was found in one of
the relay bag that you deliver and I'm sick of this." (sic)
Manager, Dan Ash, said, "We narrow it down to you this time, who
else could done it."  (sic)

    Based upon the above facts set forth in plaintiff's district

-6-

court complaint, he is not an aggrieved individual and has not

been subjected to any type of employment action, much less an

adverse employment action that meets the standard under Title

VII.  Plaintiff has not alleged that he has been fired, demoted,

reassigned or even disciplined in connection with the relay bag

incident.  Therefore, he has not been subjected to an adverse

action.  As such, Plaintiff has not stated a retaliation claim

upon which relief can be granted and this court must dismiss the

claim.

**D.    Plaintiff's defamation claim is barred by the Federal Tort Claims Act, 28 U.S.C. §2680(b).**

    1.    <u>The FTCA does not waive sovereign immunity to permit a claim for defamation.</u>

Although the FTCA waives the government's immunity from

suit, there are exceptions.  Section 2680 of the FTCA lists the

exceptions to its coverage and specifically provides that "the

provisions of this chapter and §1346(b) of this Title shall not

apply to - . . . (h) any claim arising out of assault, battery,

false imprisonment, false arrest, malicious prosecution, abusive

process, liable, slander, misrepresentation, deceit, or

interference with contract rights".

Courts that have considered the issue have uniformly ruled

that slander and/or defamation of character actions are not

covered under the FTCA waiver of sovereign immunity.  <u>Aviles v.

Lutz</u>, 887 F.2d 1046 (10th Cir. 1989); <u>Hoesl v. U.S.</u>, 629 F.2d 586

(9th Cir. 1980); <u>Accardi v. United States</u>, 453 F.2d 1239, 1240

(3d Cir. 1970); <u>Wolk v. United States</u>, 2001 WL 1735258 22419

-7-

(E.D.Pa.); <u>Madden v. Runyon</u>, 899 F. Supp. 217 (E.D.Pa. 1995);

<u>Ware v. U.S.</u>, 838 F. Supp. 1561 (M.D.Fl. 1993), reconsideration

denied; <u>Henderson v. Harris</u>, 672 F. Supp. 1054 (M.D.Ill. 1987);

<u>Haywood v. U.S.</u>, 585 F. Supp. 590 (D.C. Mass. 1984); <u>Rojas v.

U.S.</u>, 660 F. Supp. 652 (D.P.R. 1987); <u>Also</u>, <u>Thomas-Lazear v. FBI</u>,

851 F.2d 1202 (9th Cir. 1998).

It is well settled, then, that the FTCA does not permit

plaintiff's claim for defamation.  Therefore, plaintiff's

defamation claim must be dismissed for lack of subject matter

jurisdiction.

2.    <u>Plaintiff did not exhaust his administrative remedies
      under the FTCA.</u>

Even assuming for purposes of this motion only that this

court were to find that the FTCA has waived sovereign immunity to

permit a claim for defamation, it must be dismissed because

plaintiff did not file an administrative claim.

The FTCA requires that an injured party who is harmed by the

claimed negligence of a federal government employee present an

administrative claim to the appropriate federal agency,

specifying a sum certain amount.  28 U.S.C. §2675.  The FTCA

further requires that the agency be given an opportunity to

adjudicate that claim before the injured party is authorized to

bring suit.  <u>Id.</u>

A review of administrative files reveals that Mr. Crumpton

has not filed an administrative claim for defamation with the

Postal Service pursuant to the FTCA.  See, declaration of Richard

-8-

Teszner, attached as Exhibit B.  Therefore, even if this court

were to conclude that the FTCA allows claims for defamation

against the government, plaintiff's defamation claim must be

dismissed because he has failed to abide by the administrative

requirements, thereby depriving this court of subject matter

jurisdiction.[1]

## III.  CONCLUSION

The court lacks subject matter jurisdiction over plaintiff's

harassment claim because he did not exhaust this claim

administratively.  Plaintiff also fails to state a claim of

retaliation upon which relief can be granted because he was not

subjected to an adverse employment action as required by Title

VII.

In addition, Plaintiff's defamation claim must be dismissed

because the Federal Tort Claims Act does not provide a waiver of

sovereign immunity to permit a defamation claim against the

Postal Service.  Therefore, plaintiff's defamation claim must be

---

[1]The injuries Mr. Crumpton claims, allegedly occurred in the course of his employment.  Federal employees who sustain injuries in the performance of their duties are covered by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §8101, et seq. Where an individual is covered under the FECA for an injury or condition, such coverage constitutes the individual's exclusive remedy against the United States.  See 5 U.S.C. §8116(c); Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-194 (1983); DiPippa v. United States, 687 F.2d 14 (3rd Cir. 1982). Furthermore, FECA's legislative history confirms that FECA was intended to be a substitute for suits against the United States for tortious injury as authorized by the FTCA.  Miller v. Bolger, 802 F.2d 660, 663 (3rd Cir. 1986).  Accordingly, Mr. Crumpton's remedy for any injury he alleges to have sustained in the course of his employment must be under FECA, not the FTCA.

dismissed for lack of subject matter jurisdiction.  Moreover,

even if the FTCA permitted such a claim, it would be subject to

dismissal for failure to exhaust administrative remedies.

    For the reasons set forth above, the Postal Service

respectively requests that this complaint be dismissed with

prejudice.

                                 Respectfully submitted,

                                 PATRICK L. MEEHAN
                                 United States Attorney

                               _____

                               JAMES G. SHEEHAN
                               Assistant United States Attorney
                               Chief, Civil Division

                               _____

                               SUSAN SHINKMAN
                               Assistant United States Attorney

OF COUNSEL:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
615 Chestnut Street
P.O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5091

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Defendant's Motion to Dismiss Complaint/Motion for Summary Judgment was mailed postage pre-paid, this 2nd day of August, 2002, to the following:


Stanley Bomani Crumpton, pro se
5 Greenfield Drive
New Castle, DE 19720



_____

SUSAN SHINKMAN